1   JASON M. WUCETICH (STATE BAR NO. 222113)
    jason@wukolaw.com
2   DIMITRIOS V. KOROVILAS (STATE BAR NO. 247230)
    dimitri@wukolaw.com
3   WUCETICH & KOROVILAS LLP
    222 N. Pacific Coast Hwy., Suite 2000
4   El Segundo, CA 90245
    Telephone:    (310) 335-2001
5   Facsimile:    (310) 364-5201

6   Attorneys for Plaintiff
    FRANKIE GARCIA, as an individual and on behalf of all
7   others similarly situated

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10  FRANKIE GARCIA, as an individual and          CASE NO.
    on behalf of all others similarly situated,
11                                                CLASS ACTION
                  Plaintiff,
12                                                COMPLAINT FOR:
          v.
13                                                (1) NEGLIGENCE
    POSTMEDS, INC.; and DOES 1-10,                (2) NEGLIGENCE PER SE
14                                                (3) DECLARATORY JUDGMENT
                  Defendants.                     (4) VIOLATION OF THE CAL.
15                                                    CONFIDENTIALITY OF MEDICAL
                                                     INFORMATION ACT, CAL. CIV. CODE
16                                                   § 56
                                                 (5) VIOLATION OF THE CAL. CUSTOMER
17                                                   RECORDS ACT, CAL. CIV. CODE §
                                                     1798.84
18                                               (6) VIOLATION OF THE CAL. UNFAIR
                                                     COMPETITION LAW, CAL. BUS. &
19                                                   PROF. CODE § 17200
                                                 (7) VIOLATION OF THE RIGHT TO
20                                                   PRIVACY, CAL. CONST. ART. 1, § 1

21                                               DEMAND FOR JURY TRIAL

22

23

24

25

26

27

28

                       CLASS ACTION COMPLAINT

**SUMMARY OF THE CASE**

1.      This putative class action arises from PostMeds, Inc.'s (hereinafter "PMI") negligent failure to implement and maintain reasonable cybersecurity procedures that resulted in a data breach of its systems on or around August 30, 2023 through September 2, 2023.  Plaintiff brings this class action complaint to redress injuries related to the data breach, on behalf of himself and a nationwide class and California subclass of similarly situated persons.  Plaintiff asserts claims on behalf of a nationwide class for negligence, negligence per se, declaratory judgment, and common law invasion of privacy.  Plaintiff also brings claims on behalf of a California subclass for violation of the California Confidentiality of Medical Information Act ("CMIA"), Cal. Civ. Code § 56, the California Customer Records Act, Cal. Civ. Code § 1798.80 *et seq.*, violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, and for invasion of privacy based on the California Constitution, Art. 1, § 1.  Plaintiff seeks, among other things, compensatory damages, statutory damages, injunctive relief, attorneys' fees, and costs of suit.

**PARTIES**

2.      Plaintiff Frankie Garcia is a citizen and resident of the State of California whose personal identifying information was part of the August 30, 2023 through September 1, 2023 data breach that is the subject of this action.

3.      On information and belief, defendant PostMeds, Inc. is a corporation organized and existing under the laws of the State of Delaware, with corporate headquarters located at 3121 Diablo Avenue, Hayward, CA 94545.

4.      Plaintiff brings this action on behalf of himself, on behalf of the general public as a Private Attorney General pursuant to California Code of Civil Procedure § 1021.5 and on behalf of a class and subclass of similarly situated persons pursuant Federal Rule of Civil Procedure 23.

5.      This Court has general personal jurisdiction over PMI because, at all relevant times, the company had systematic and continuous contacts with the State of California.  PMI is registered to do business in California with the California Secretary of State.  Defendant regularly contracts with a multitude of businesses, organizations and consumers in California to provide

- 2 -

1   health/medical related services.  PMI does in fact actually provide such continuous and ongoing

2   health/medical related services to such customers in California and has employees in California.

3       6.      Furthermore, this Court has specific personal jurisdiction over PMI because the

4   claims in this action stem from its specific contacts with the State of California — namely, PMI's

5   provision of health/medical services to a multitude of customers in California, PMI's collection,

6   maintenance, and processing of the personal data of Californians in connection with such

7   services, including but not limited to PMI's employees, PMI's failure to implement and maintain

8   reasonable security procedures and practices with respect to that data, and the consequent

9   cybersecurity attack and security breach of such data in August and September 2023.

10      7.      This Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332(d) in

11  that the mater in controversy exceeds the sum or value of $5,000,000, exclusive of interests and

12  costs, and is a class action in which members of the class defined herein include citizens of a

13  State different from the PMI.  Specifically, Defendant is a citizen of the state of Delaware and the

14  plaintiff class and/or subclasses defined herein include citizens of other states, including

15  California.

16      8.      Venue is proper in the Northern District of California under 28 U.S.C. § 1391

17  (b)(1)-(2) and (c)(2) because a substantial part of the events or omissions giving rise to the claims

18  alleged herein occurred within this judicial district, specifically PMI's provision of health realted

19  services in California, PMI's collection, maintenance, and processing of the personal data of

20  Californians in connection with such services, PMI's failure to implement and maintain

21  reasonable security procedures and practices with respect to that data, and the consequent security

22  breach of such data in 2023 that resulted from PMI's failure.  In addition, Plaintiff is informed

23  and believes and thereon alleges that members of the class and subclass defined below reside in

24  the Northern District.

25                          **INTRADISTRICT ASSIGNMENT**

26      9.      Assignment to the San Francisco/Oakland divisions is proper because a substantial

27  part of the events or omissions which give rise to the claims herein occurred within Alameda

28  County.  Further, pursuant to Civil L. R. 3-2(c), all civil actions which arise in the counties of

1    Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Napa, San Francisco,

2    San Mateo, or Sonoma shall be assigned to the San Francisco/Oakland Divisions.  A substantial

3    part of the events or omissions giving rise to the claims herein occurred also within these counties

4    and therefore assignment to the San Francisco/Oakland divisions is proper.

5                                          **FACTUAL BACKGROUND**

6            10.     PMI is an online pharmacy. The company operates a nationwide network of

7    URAC-accredited mail order and specialty pharmacies, and operates in all 50 states.

8            11.     In connection with these medical and health care related services, PMI collects,

9    stores, and processes sensitive personal data for thousands of individuals, including but not

10   limited to its employees, patients, members and customers.  In doing so, PMI retains sensitive

11   information including, but not limited to, bank account information, health care related

12   information, addresses, and social security numbers, among other things.

13           12.     As a corporation doing business in California and having employees and

14   customers in California, PMI is legally required to protect personal information from

15   unauthorized access, disclosure, theft, exfiltration, modification, use, or destruction.

16           13.     PMI knew that it was a prime target for hackers given the significant amount of

17   sensitive personal information processed through its computer data and storage systems.  PMI's

18   knowledge is underscored by the massive number of data breaches that have occurred in recent

19   years.

20           14.     Despite knowing the prevalence of data breaches, PMI failed to prioritize data

21   security by adopting reasonable data security measures to prevent and detect unauthorized access

22   to its highly sensitive systems and databases.  PMI has the resources to prevent a breach, but

23   neglected to adequately invest in data security, despite the growing number of well-publicized

24   breaches.  PMI failed to undertake adequate analyses and testing of its own systems, training of

25   its own personnel, and other data security measures as described herein to ensure vulnerabilities

26   were avoided or remedied and that Plaintiff's and class members' data were protected.

27           15.     Specifically, on or around August 31, 2023, PMI learned of a data security

28   incident that disrupted the operations of some of its network.  Upon investigation, PMI learned

                                                    - 4 -

that an unauthorized party gained access to its IT network between the dates of August 30, 2023 and September 1, 2023.  While in the network, the unauthorized party accessed and/or acquired files that contained personal identification information and/or personal health information of Plaintiff and Class Members.

16.     On information and belief, the personal information PMI collects and which was impacted by the cybersecurity incident includes individuals' name, social security number, date of birth, diagnosis information, lab results, prescription information, treatment information, health insurance information, claims information, and medical record number, among other personal, sensitive and confidential information.

17.     On or around September 29, 2023, PMI mailed data breach notices to impacted parties.  According to notice mailed to impacted individuals, the breach resulted in individuals' name, prescription information, mediation types, demographic information, and/or prescribing physician, among other personal, sensitive and confidential information, was compromised and acquired by unknown third parties.  Plaintiff received a copy of a October 30, 2023 data breach notice via United States mail service confirming that his personal identifying information was part of the data breach.

18.     Upon information and belief, the parties responsible for the data breach stole the personal information of all PMI's customers and employees, including Plaintiff's.  Because of the nature of the breach and of the personal information stored or processed by PMI, Plaintiff is informed and believes that all categories of personal information were further subject to unauthorized access, disclosure, theft, exfiltration, modification, use, or destruction.  Plaintiff is informed and believes that criminals would have no purpose for hacking PMI other than to exfiltrate or steal, or destroy, use, or modify as part of their ransom attempts, the coveted personal information stored or processed by PMI.

19.     The personal information exposed by PMI as a result of its inadequate data security is highly valuable on the black market to phishers, hackers, identity thieves, and cybercriminals. Stolen personal information is often trafficked on the "dark web," a heavily encrypted part of the Internet that is not accessible via traditional search engines. Law

- 5 -

1    enforcement has difficulty policing the dark web due to this encryption, which allows users and

2    criminals to conceal identities and online activity.

3        20.    When malicious actors infiltrate companies and copy and exfiltrate the personal

4    information that those companies store, or have access to, that stolen information often ends up

5    on the dark web because the malicious actors buy and sell that information for profit.

6        21.    The information compromised in this unauthorized cybersecurity attack involves

7    sensitive personal identifying information, which is significantly more valuable than the loss of,

8    for example, credit card information in a retailer data breach because, there, victims can cancel or

9    close credit and debit card accounts. Whereas here, the information compromised is difficult and

10   highly problematic to change—particularly social security numbers.

11       22.    Once personal information is sold, it is often used to gain access to various areas

12   of the victim's digital life, including bank accounts, social media, credit card, and tax details.

13   This can lead to additional personal information being harvested from the victim, as well as

14   personal information from family, friends, and colleagues of the original victim.

15       23.    Unauthorized data breaches, such as these, facilitate identity theft as hackers

16   obtain consumers' personal information and thereafter use it to siphon money from current

17   accounts, open new accounts in the names of their victims, or sell consumers' personal

18   information to others who do the same.

19       24.    Federal and state governments have established security standards and issued

20   recommendations to minimize unauthorized data disclosures and the resulting harm to individuals

21   and financial institutions.  Indeed, the Federal Trade Commission ("FTC") has issued numerous

22   guides for businesses that highlight the importance of reasonable data security practices.

23       25.    According to the FTC, the need for data security should be factored into all

24   business decision-making.[1]   In 2016, the FTC updated its publication, Protecting Personal

25   Information: A Guide for Business, which established guidelines for fundamental data security

26

27   ───────────────
     [1] *See* Federal Trade Commission, Start with Security (June 2015), available at

28   https://www.ftc.gov/system/files/documents/plain-language/pdf0205-startwithsecurity.pdf (last
     visited February 3, 2023).

CLASS ACTION COMPLAINT

principles and practices for business.[2]  Among other things, the guidelines note businesses should properly dispose of personal information that is no longer needed, encrypt information stored on computer networks, understand their network's vulnerabilities, and implement policies to correct security problems. The guidelines also recommend that businesses use an intrusion detection system to expose a breach as soon as it occurs, monitor all incoming traffic for activity indicating someone is attempting to hack the system, watch for large amounts of data being transmitted from the system, and have a response plan ready in the event of the breach.

26.     Also, the FTC recommends that companies limit access to sensitive data, require complex passwords to be used on networks, use industry-tested methods for security, monitor for suspicious activity on the network, and verify that third-party service providers have implemented reasonable security measures.[3]

27.     Highlighting the importance of protecting against unauthorized data disclosures, the FTC has brought enforcement actions against businesses for failing to adequately and reasonably protect personal information, treating the failure to employ reasonable and appropriate measures to protect against unauthorized access to confidential consumer data as an unfair act or practice prohibited by Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45.

28.     Orders resulting from these actions further clarify the measures businesses must take to meet their data security obligations.

29.      The FBI created a technical guidance document for Chief Information Officers and Chief Information Security Officers that compiles already existing federal government and private industry best practices and mitigation strategies to prevent and respond to ransomware attacks.  The document is titled *How to Protect Your Networks from Ransomware* and states that on average, more than 4,000 ransomware attacks have occurred daily since January 1, 2016. Yet, there are very effective prevention and response actions that can significantly mitigate the risks.[4]

---

[2] *See* Federal Trade Commission, Protecting Personal Information: A Guide for Business (Oct. 2016), available at https://www.ftc.gov/system/files/documents/plain-language/pdf-0136_proteting-personal-information.pdf  (last visited February 3, 2023).
[3] *See id.*
[4] *How to Protect Your Networks from Ransomware*, FBI, https://www.fbi.gov/file-

CLASS ACTION COMPLAINT

Preventative measure include:

- Implement an awareness and training program. Because end users are targets, employees and individuals should be aware of the threat of ransomware and how it is delivered.
- Enable strong spam filters to prevent phishing emails from reaching the end users and authenticate inbound email using technologies like Sender Policy Framework (SPF), Domain Message Authentication Reporting and Conformance (DMARC), and DomainKeys Identified Mail (DKIM) to prevent email spoofing.
- Scan all incoming and outgoing emails to detect threats and filter executable files from reaching end users.
- Configure firewalls to block access to known malicious IP addresses.
- Patch operating systems, software, and firmware on devices. Consider using a centralized patch management system.
- Set anti-virus and anti-malware programs to conduct regular scans automatically.
- Manage the use of privileged accounts based on the principle of least privilege: no users should be assigned administrative access unless absolutely needed; and those with a need for administrator accounts should only use them when necessary.
- Configure access controls—including file, directory, and network share permissions—with least privilege in mind. If a user only needs to read specific files, the user should not have write access to those files, directories, or shares.
- Disable macro scripts from office files transmitted via email. Consider using Office Viewer software to open Microsoft Office files transmitted via email instead of full office suite applications.
- Implement Software Restriction Policies (SRP) or other controls to prevent programs from executing from common ransomware locations, such as temporary folders supporting popular Internet browsers or compression/decompression programs, including the AppData/LocalAppData folder.
- Consider disabling Remote Desktop protocol (RDP) if it is not being used. Use application whitelisting, which only allows systems to execute programs known and permitted by security policy.
- Execute operating system environments or specific programs in a virtualized environment.
- Categorize data based on organizational value and implement physical and logical separation of networks and data for different organizational units.[5]

30.    PMI could have prevented the cybersecurity attack by properly utilizing best practices as advised by the federal government, as described in the preceding paragraphs, but

---

repository/ransomware-prevention-and-response-for-cisos.pdf/view (last viewed February 3, 2023).

[5] *Id.*

CLASS ACTION COMPLAINT

1     failed to do so.

2          31.     PMI's failure to safeguard against a cybersecurity attack is exacerbated by the

3     repeated warnings and alerts from public and private institutions, including the federal

4     government, directed to protecting and securing sensitive data. Experts studying cybersecurity

5     routinely identify companies such as PMI that collect, process, and store massive amounts of data

6     on cloud-based systems as being particularly vulnerable to cyberattacks because of the value of

7     the personal information that they collect and maintain. Accordingly, PMI knew or should have

8     known that it was a prime target for hackers.

9          32.     According to the 2021 Thales Global Cloud Security Study, more than 40% of

10    organizations experienced a cloud-based data breach in the previous 12 months. Yet, despite these

11    incidents, the study found that nearly 83% of cloud-based businesses still fail to encrypt half of

12    the sensitive data they store in the cloud.[6]

13         33.     Upon information and belief, PMI did not encrypt Plaintiff's and class members'

14    personal information involved in the data breach.

15         34.     Despite knowing the prevalence of data breaches, PMI failed to prioritize

16    cybersecurity by adopting reasonable security measures to prevent and detect unauthorized access

17    to its highly sensitive systems and databases. PMI have the resources to prevent an attack, but

18    neglected to adequately invest in cybersecurity, despite the growing number of well-publicized

19    breaches. PMI failed to fully implement each and all of the above-described data security best

20    practices. PMI further failed to undertake adequate analyses and testing of its own systems,

21    training of its own personnel, and other data security measures to ensure vulnerabilities were

22    avoided or remedied and that Plaintiff's and class members' data were protected.

23                              **Plaintiff's Facts**

24         35.     Plaintiff's and class members' personal identifying information, including name,

25    prescription information, mediation types, demographic information, and/or prescribing

26    physician, among other personal, sensitive and confidential information, were in the possession,

---

[6] Maria Henriquez, *40% of organizations have suffered a cloud-based data breach,* Security, Oct. 29, 2021, https://www.securitymagazine.com/articles/96412-40-of-organizations-have-suffered-a-cloud-based-datq-breach (last visited February 3, 2023).

custody and/or control of PMI.  Plaintiff believed that PMI would protect and keep his personal identifying information protected, secure and safe from unlawful disclosure

36.     After the data breach, Plaintiff received notice of the data breach from PMI via letter dated October 30, 2023.

37.     Plaintiff has spent and will continue to spend time and effort monitoring his accounts to protect himself from identity theft.  Plaintiff remains concerned for his personal security and the uncertainty of what personal information was exposed to hackers and/or posted to the dark web.

38.     As a direct and foreseeable result of PMI's negligent failure to implement and maintain reasonable data security procedures and practices and the resultant breach of its systems, Plaintiff and all class members, have suffered harm in that their sensitive personal information has been exposed to cybercriminals and they have an increased stress, risk, and fear of identity theft and fraud.  This is not just a generalized anxiety of possible identify theft, privacy, or fraud concerns, but a concrete stress and risk of harm resulting from an actual breach and accompanied by actual instances of reported problems suspected to stem from the breach.

39.     Upon information and belief, and as detailed in the October 30, 2023 notice letter, Plaintiff's name, prescription information, mediation types, demographic information, and/or prescribing physician, among other personal, sensitive and confidential information, and other personal information was exfiltrated by the hackers who obtained unauthorized access to his and class members' personal information for unlawful purposes.

40.     Social security numbers are among the most sensitive kind of personal information to have stolen because they may be put to a variety of fraudulent uses and are difficult for an individual to change.  The Social Security Administration stresses that the loss of an individual's social security number, as is the case here, can lead to identity theft and extensive financial fraud:

A dishonest person who has your Social Security number can use it to get other personal information about you. Identity thieves can use your number and your good credit to apply for more credit in your name. Then, they use the credit cards and don't pay the bills, it damages your credit. You may not find out that someone is using your number until you're turned down for credit, or you begin to get calls from unknown creditors demanding payment for items you never

bought. Someone illegally using your Social Security number and assuming your identity can cause a lot of problems.[7]

41.     Furthermore, Plaintiff and class members are well aware that their sensitive personal information, including social security numbers and potentially banking information, risks being available to other cybercriminals on the dark web.  Accordingly, all Plaintiff and class members have suffered harm in the form of increased stress, fear, and risk of identity theft and fraud resulting from the data breach.  Additionally, Plaintiff and class members have incurred, and/or will incur, out-of-pocket expenses related to credit monitoring and identify theft prevention to address these concerns.

## CLASS ACTION ALLEGATIONS

42.     Plaintiff brings this action on behalf of himself and all other similarly situated persons pursuant to Federal Rule of Civil Procedure 23, including Rule 23(b)(1)-(3) and (c)(4). Plaintiff seeks to represent the following class and subclasses:

**Nationwide Class**.  All persons in the United States whose personal information was compromised in or as a result of PMI's data breach on or around August 30, 2023 through September 1, 2023, which was announced on or around October 30, 2023.

**California Subclass.**   All persons residing in California whose personal information was compromised in or as a result of PMI's data breach on or around August 30, 2023 through September 1, 2023, which was announced on or around October 30, 2023.

Excluded from the class are the following individuals and/or entities:  PMI and its parents, subsidiaries, affiliates, officers, directors, or employees, and any entity in which PMI has a controlling interest; all individuals who make a timely request to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

43.     Plaintiff reserves the right to amend or modify the class definitions with greater particularity or further division into subclasses or limitation to particular issues.

---

[7] *Identify Theft and Your Social Security Number*, Social Security Administration, https://www.ssa.gov/pubs/EN-05-10064.pdf (last visited February 3, 2023).

CLASS ACTION COMPLAINT

44.     This action has been brought and may be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation and the proposed classes are ascertainable, as described further below:

a. Numerosity: The potential members of the class as defined are so numerous that joinder of all members of the class is impracticable.  While the precise number of class members at issue has not been determined, Plaintiff believes the cybersecurity breach affected tens of thousands of individuals nationwide and at least many thousands within California.

b. Commonality: There are questions of law and fact common to Plaintiff and the class that predominate over any questions affecting only the individual members of the class.  The common questions of law and fact include, but are not limited to, the following:

i. Whether PMI owed a duty to Plaintiff and class members to exercise due care in collecting, storing, processing, and safeguarding their personal information;

ii. Whether PMI breached those duties;

iii. Whether PMI implemented and maintained reasonable security procedures and practices appropriate to the nature of the personal information of class members;

iv. Whether PMI acted negligently in connection with the monitoring and/or protecting of Plaintiff's and class members' personal information;

v. Whether PMI knew or should have known that they did not employ reasonable measures to keep Plaintiff's and class members' personal information secure and prevent loss or misuse of that personal information;

vi. Whether PMI adequately addressed and fixed the vulnerabilities which permitted the data breach to occur;

vii. Whether PMI caused Plaintiff and class members damages;

CLASS ACTION COMPLAINT

viii.   Whether the damages PMI caused to Plaintiff and class members includes the increased risk and fear of identity theft and fraud resulting from the access and exfiltration, theft, or disclosure of their personal information;

ix.   Whether Plaintiff and class members are entitled to credit monitoring and other monetary relief;

x.   Whether PMI's failure to implement and maintain reasonable security procedures and practices constitutes negligence;

xi.   Whether PMI's failure to implement and maintain reasonable security procedures and practices constitutes negligence per se;

xii.   Whether PMI's failure to implement and maintain reasonable security procedures and practices constitutes violation of the Federal Trade Commission Act, 15 U.S.C. § 45(a);

xiii.   Whether PMI's failure to implement and maintain reasonable security procedures and practices constitutes violation of the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; and

xiv.   Whether the California subclass is entitled to actual pecuniary damages under the private rights of action in the California Customer Records Act, Cal. Civ. Code § 1798.84 and statutory damages under the California Confidentiality of Medical Information Act, Civ. Code § 56, and the proper measure of such damages and/or statutory damages.

c.   <u>Typicality</u>.  The claims of the named Plaintiff are typical of the claims of the class members because all had their personal information compromised as a result of PMI's failure to implement and maintain reasonable security measures and the consequent data breach.

d.   <u>Adequacy of Representation</u>.  Plaintiff will fairly and adequately represent the interests of the class.  Counsel who represent Plaintiff are experienced and

CLASS ACTION COMPLAINT

1    competent in consumer and employment class actions, as well as various other

2    types of complex and class litigation.

3    e.  Superiority and Manageabilty.  A class action is superior to other available means

4    for the fair and efficient adjudication of this controversy.  Individual joinder of all

5    Plaintiffs is not practicable, and questions of law and fact common to Plaintiffs

6    predominate over any questions affecting only Plaintiff.  Each Plaintiff has been

7    damaged and is entitled to recovery by reason of PMI's unlawful failure to

8    adequately safeguard their data.  Class action treatment will allow those similarly

9    situated persons to litigate their claims in the manner that is most efficient and

10   economical for the parties and the judicial system.  As any civil penalty awarded to

11   any individual class member may be small, the expense and burden of individual

12   litigation make it impracticable for most class members to seek redress

13   individually.  It is also unlikely that any individual consumer would bring an

14   action solely on behalf of himself or herself pursuant to the theories asserted

15   herein.  Additionally, the proper measure of civil penalties for each wrongful act

16   will be answered in a consistent and uniform manner.   Furthermore, the

17   adjudication of this controversy through a class action will avoid the possibility of

18   inconsistent and potentially conflicting adjudication of the asserted claims.  There

19   will be no difficulty in the management of this action as a class action, as PMI's

20   records will readily enable the Court and parties to ascertain affected companies

21   and their employees.

22   f.  Notice to Class.  Among other means, potential notice to class members of this

23   class action can be accomplished via United States mail to all individuals who

24   received a copy of the October 30, 2023 data breach notice letter and/or through

25   electronic mail and/or through publication.

26   45.  Class certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2)

27   because PMI has acted or refused to act on grounds generally applicable to the class, so that final

28   injunctive relief or corresponding declaratory relief is appropriate as to the class as a whole.

- 14 -

CLASS ACTION COMPLAINT

46.     Likewise, particular issues under Rule 23(c)(4) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of the matters and the parties' interests therein.  Such particular issues include, but are not limited to:

   a.  Whether PMI owed a legal duty to Plaintiff and class members to exercise due care in collecting, storing, processing, using, and safeguarding their personal information;

   b.  Whether PMI breached that legal duty to Plaintiff and class members to exercise due care in collecting, storing, processing, using, and safeguarding their personal information;

   c.  Whether PMI failed to comply with their own policies and applicable laws, regulations, and industry standards relating to data security;

   d.  Whether PMI failed to implement and maintain reasonable security procedures and practices appropriate to the nature of the personal information compromised in the breach; and

   e.  Whether class members are entitled to actual damages, credit monitoring, injunctive relief, statutory damages, and/or punitive damages as a result of PMI's wrongful conduct as alleged herein.

## FIRST CAUSE OF ACTION
### (Negligence, By Plaintiff and the Nationwide Class Against PMI)

47.     Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

48.     PMI owed a duty to Plaintiff and class members to exercise reasonable care in obtaining, storing, using, processing, deleting and safeguarding their personal information in its possession from being compromised, stolen, accessed, and/or misused by unauthorized persons. That duty includes a duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the personal information that were compliant with and/or better than industry-standard practices.  PMI's duties included a duty to design, maintain, and test its security

systems to ensure that Plaintiff's and class members' personal information was adequately secured and protected, to implement processes that would detect a breach of its security system in a timely manner, to timely act upon warnings and alerts, including those generated by its own security systems regarding intrusions to its networks, and to promptly, properly, and fully notify its customers, Plaintiff, and class members of any data breach.

49.     PMI's duties to use reasonable care arose from several sources, including but not limited to those described below.

50.     PMI had a common law duty to prevent foreseeable harm to others.  This duty existed because Plaintiff and class members were the foreseeable and probable victims of any inadequate security practices.  In fact, not only was it foreseeable that Plaintiff and class members would be harmed by the failure to protect their personal information because hackers routinely attempt to steal such information and use it for nefarious purposes, but PMI also knew that it was more likely than not Plaintiff and other class members would be harmed.

51.     PMI's duty also arose under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, which prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair practice of failing to use reasonable measures to protect personal information by companies such as PMI.

52.     Various FTC publications and data security breach orders further form the basis of PMI's duty.  According to the FTC, the need for data security should be factored into all business decision making.[8]  In 2016, the FTC updated its publication, *Protecting Personal Information: A Guide for Business*, which established guidelines for fundamental data security principles and practices for business.[9]  Among other things, the guidelines note that businesses should protect the personal customer information that they keep; properly dispose of personal information that is no longer needed; encrypt information stored on computer networks; understand their network's vulnerabilities; and implement policies to correct security problems.   The guidelines also

---

[8] *Start with Security, A Guide for Business*, FTC (June 2015),
https://www.ftc.gov/system/files/documents/plain-language/pdf0205-startwithsecurity.pdf
[9] *Protecting Personal Information, A Guide for Business*, FTC (Oct. 2016),
https://www.ftc.gov/system/files/documents/plain-language/pdf-0136_proteting-personal-information.pdf

CLASS ACTION COMPLAINT

recommend that businesses use an intrusion detection system to expose a breach as soon as it occurs; monitor all incoming traffic for activity indicating someone is attempting to hack the system; watch for large amounts of data being transmitted from the system; and have a response plan ready in the event of a breach.  Additionally, the FTC recommends that companies limit access to sensitive data, require complex passwords to be used on networks, use industry-tested methods for security, monitor for suspicious activity on the network, and verify that third-party service providers have implemented reasonable security measures.  The FBI has also issued guidance on best practices with respect to data security that also form the basis of PMI's duty of care, as described above.[10]

53.     By obtaining, collecting, using, and deriving a benefit from Plaintiff's and class members' personal information, PMI assumed legal and equitable duties and knew or should have known that it was responsible for protecting Plaintiff's and class members' personal information from disclosure.

54.     PMI also had a duty to safeguard the personal information of Plaintiff and class members and to promptly notify them of a breach because of state laws and statutes that require PMI to reasonably safeguard personal information, as detailed herein, including Cal. Civ. Code § 1798.80 *et seq.*

55.     Timely notification was required, appropriate, and necessary so that, among other things, Plaintiff and class members could take appropriate measures to freeze or lock their credit profiles, cancel or change usernames or passwords on compromised accounts, monitor their account information and credit reports for fraudulent activity, contact their banks or other financial institutions that issue their credit or debit cards, obtain credit monitoring services, develop alternative timekeeping methods or other tacks to avoid untimely or inaccurate wage payments, and take other steps to mitigate or ameliorate the damages caused by PMI's misconduct.

56.     Plaintiff and class members have taken reasonable steps to maintain the

---

[10] *How to Protect Your Networks from Ransomware*, FBI, https://www.fbi.gov/file-repository/ransomware-prevention-and-response-for-cisos.pdf/view  (last viewed February 3, 2023).

CLASS ACTION COMPLAINT

1   confidentiality of their personal information.

2          57.     PMI breached the duties it owed to Plaintiff and class members described above

3   and thus was negligent.   PMI breached these duties by, among other things, failing to:   (a)

4   exercise reasonable care and implement adequate security systems, protocols and practices

5   sufficient to protect the personal information of Plaintiff and class members; (b) prevent the

6   breach; (c) timely detect the breach; (d) maintain security systems consistent with industry; (e)

7   timely disclose that Plaintiff's and class members' personal information in PMI's possession had

8   been or was reasonably believed to have been stolen or compromised; (f) failing to comply fully

9   even with its own purported security practices.

10          58.     PMI knew or should have known of the risks of collecting and storing personal

11   information and the importance of maintaining secure systems, especially in light of the

12   increasing frequency of ransomware attacks. The sheer scope of PMI's operations further shows

13   that PMI knew or should have known of the risks and possible harm that could result from its

14   failure to implement and maintain reasonable security measures.   On information and belief, this

15   is but one of the several vulnerabilities that plagued PMI's systems and led to the data breach.

16          59.     Through PMI's acts and omissions described in this complaint, including PMI's

17   failure to provide adequate security and its failure to protect the personal information of Plaintiff

18   and class members from being foreseeably captured, accessed, exfiltrated, stolen, disclosed,

19   accessed, and misused, PMI unlawfully breached their duty to use reasonable care to adequately

20   protect and secure Plaintiff's and class members' personal information.

21          60.     PMI further failed to timely and accurately disclose to customers, Plaintiff, and

22   class members that their personal information had been improperly acquired or accessed and/or

23   was available for sale to criminals on the dark web.   PMI has not provided a data breach notice to

24   the Attorney General of California, which would provide statewide notice to impacted

25   individuals.   Plaintiff and class members could have taken action to protect their personal

26   information if they were provided timely notice.

27          61.     But for PMI's wrongful and negligent breach of its duties owed to Plaintiff and

28   class members, their personal information would not have been compromised.

CLASS ACTION COMPLAINT

62.     Plaintiff and class members relied on PMI to keep their personal information confidential and securely maintained, and to use this information for business purposes only, and to make only authorized disclosures of this information.

63.     As a direct and proximate result of PMI's negligence, Plaintiff and class members have been injured as described herein, and are entitled to damages, including compensatory, punitive, and nominal damages, in an amount to be proven at trial.  As a result of PMI's failure to protect Plaintiff's and class members' personal information, Plaintiff's and class members' personal information has been accessed by malicious cybercriminals.  Plaintiff's and the class members' injuries include:

     a.   theft of their personal information;

     b.   costs associated with requested credit freezes;

     c.   costs associated with the detection and prevention of identity theft and unauthorized use of their financial accounts;

     d.   costs associated with purchasing credit monitoring and identity theft protection services;

     e.   unauthorized charges and loss of use of and access to their financial account funds and costs associated with the inability to obtain money from their accounts or being limited in the amount of money they were permitted to obtain from their accounts, including missed payments on bills and loans, late charges and fees, and adverse effects on their credit;

     f.   lowered credit scores resulting from credit inquiries following fraudulent activities;

     g.   costs associated with time spent and loss of productivity from taking time to address and attempt to ameliorate, mitigate, and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, enrolling in credit monitoring and identity theft protection services, freezing and unfreezing accounts, and imposing withdrawal and purchase limits on compromised accounts;

CLASS ACTION COMPLAINT

h.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their personal information being placed in the hands of criminals;

i.  damages to and diminution of value of their personal information entrusted, directly or indirectly, to PMI with the mutual understanding that PMI would safeguard Plaintiff's and the class members' data against theft and not allow access and misuse of their data by others;

j.  continued risk of exposure to hackers and thieves of their personal information, which remains in PMI's possession and is subject to further breaches so long as PMI fails to undertake appropriate and adequate measures to protect Plaintiff and class members, along with damages stemming from the stress, fear, and anxiety of an increased risk of identity theft and fraud stemming from the breach;

k.  loss of the inherent value of their personal information;

l.  the loss of the opportunity to determine for themselves how their personal information is used; and

m.  other significant additional risk of identity theft, financial fraud, and other identity-related fraud in the indefinite future.

64.  In connection with the conduct descried above, PMI acted wantonly, recklessly, and with complete disregard for the consequences Plaintiff and class members would suffer if their highly sensitive and confidential personal information, including but not limited to name, company name, address, social security numbers, and banking and credit card information, was access by unauthorized third parties.

**SECOND CAUSE OF ACTION**
**(Negligence Per Se, By Plaintiff and the Nationwide Class Against PMI)**

65.  Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

66.  Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the

- 20 -

unfair practice of failing to use reasonable measures to protect personal information by companies such as PMI.  Various FTC publications and data security breach orders further form the basis of PMI's duty.  In addition, individual states have enacted statutes based on the FTC Act that also created a duty.

67.     PMI violated Section 5 of the FTC Act by failing to use reasonable measures to protect personal information and not complying with industry standards.  PMI's conduct was particularly unreasonable given the nature and amount of personal information it obtained and stored and the foreseeable consequences of a data breach.

68.     PMI's violation of Section 5 of the FTC Act constitutes negligence *per se*.

69.     Plaintiff and class members are consumers within the class of persons Section 5 of the FTC Act was meant to protect.

70.     Moreover, the harm that has occurred is the type of harm that the FTC Act was intended to guard against.  Indeed, the FTC has pursued over fifty enforcement actions against businesses which, as a result of their failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm suffered by Plaintiff and the class.

71.     As a direct and proximate result of PMI's negligence, Plaintiff and class members have been injured as described herein, and are entitled to damages, including compensatory, punitive, and nominal damages, in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
**(Declaratory Judgment, By Plaintiff and the Nationwide Class Against PMI)**

72.     Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

73.     Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, this Court is authorized to enter a judgment declaring the rights and legal relations of the parties and grant further necessary relief.  Furthermore, the Court has broad authority to restrain acts, such as here, that are tortious and violate the terms of the federal and state statutes described in this complaint.

74.     An actual controversy has arisen in the wake of the PMI data breach regarding its present and prospective common law and other duties to reasonably safeguard consumers

personal identifying information in its possession, custody and/or control and regarding whether PMI is currently maintaining data security measures adequate to protect Plaintiff and class members from further data breaches that compromise their personal information.  Plaintiff alleges that PMI's data security measures remain inadequate.  PMI denies these allegations.  Plaintiff continues to suffer injury as a result of the compromise of his personal information and remains at imminent risk that further compromises of her personal information will occur in the future.

75.     Pursuant to its authority under the Declaratory Judgment Act, this Court should enter a judgment declaring, among other things, the following:

    a. PMI continues to owe a legal duty to secure consumers' personal information, including Plaintiff's and class members' personal information, to timely notify them of a data breach under the common law, Section 5 of the FTC Act; and

    b. PMI continues to breach this legal duty by failing to employ reasonable measures to secure Plaintiff's and class members' personal information.

76.     The Court should issue corresponding prospective injunctive relief requiring PMI to employ adequate security protocols consistent with law and industry standards to protect Plaintiff's and class members' personal information.

77.     If an injunction is not issued, Plaintiff will suffer irreparable injury, and lack an adequate legal remedy, in the event of another data breach at PMI.  The risk of another such breach is real, immediate, and substantial.  If another breach at PMI occurs, Plaintiff will not have an adequate remedy at law because many of the resulting injuries are not readily quantified and they will be forced to bring multiple lawsuits to rectify the same conduct.

78.     The hardship to Plaintiff if an injunction does not issue exceeds the hardship to PMI if an injunction is issued.  Among other things, if another massive data breach occurs, Plaintiff and class members will likely be subjected to substantial identity theft and other damage. On the other hand, the cost to PMI of complying with an injunction by employing reasonable prospective data security measures is relatively minimal, and PMI has a pre-existing legal obligation to employ such measures.

79.     Issuance of the requested injunction will not disserve the public interest.  To the

1  contrary, such an injunction would benefit the public by preventing another data breach, thus

2  eliminating the additional injuries that would result to Plaintiff and the thousands of class

3  members whose confidential information would be further compromised.

4                              **FOURTH CAUSE OF ACTION**

5  **(Violation of the California Confidentiality of Medical Information Act ("CMIA"), Cal. Civ.
   Code § 56, *et seq.***

6      **By Plaintiff and the California Class Against All Defendants)**

7      80.    Plaintiff realleges and incorporates by reference the preceding paragraphs as

8  though fully set forth herein.

9      81.    Section 56.10(a) of the California Civil Code provides that "[a] provider of health

10 care, health care service plan, or contractor shall not disclose medical information regarding a

11 patient of the provider of health care or an enrollee or subscriber of a health care service plan

12 without first obtaining an authorization[.]"

13     82.    PMI is a "contractor" within the meaning of Civil Code § 56.05(d) within the

14 meaning of Civil Code § 56.06 and/or a "business organized for the purpose of maintaining

15 medical information" and/or a "business that offers software or hardware to consumers . . . that is

16 designed to maintain medical information" within the meaning of Civil Code § 56.06(a) and (b),

17 and maintained and continues to maintain "medical information," within the meaning of Civil

18 Code § 56.05(j), for "patients" of PMI, within the meaning of Civil Code § 56.05(k).

19     83.    Plaintiff and class members are "patients" within the meaning of Civil Code §

20 56.05(k) and are "endanger[ed]" within the meaning of Civil Code § 56.05(e) because Plaintiff

21 and Class members fear that disclosure of their medical information could subject them to

22 harassment or abuse.

23     84.    Plaintiff and class members, as patients, had their individually identifiable

24 "medical information," within the meaning of Civil Code § 56.05(j), created, maintained,

25 preserved, and stored on PMI's computer network at the time of the unauthorized disclosure.

26     85.    PMI, through inadequate security, allowed unauthorized third-party access to

27 Plaintiff's and class members' medical information, without the prior written authorization of

28

- 23 -

Plaintiff and class members, as required by Civil Code § 56.10 of the CMIA.

86. In violation of Civil Code § 56.10(a), PMI disclosed Plaintiff's and class members' medical information without first obtaining an authorization. Plaintiff's and class members' medical information was viewed by unauthorized individuals as a direct and proximate result of PMI's violation of Civil Code § 56.10(a).

87. In violation of Civil Code § 56.10(e), PMI further disclosed Plaintiff's and class members' medical information to persons or entities not engaged in providing direct health care services to Plaintiff or class members, or to their providers of health care or health care service plans or their insurers or self-insured employers.

88. PMI violated Civil Code § 56.101 of the CMIA through its willful and knowing failure to maintain and preserve the confidentiality of the medical information of Plaintiff and the class members. PMI's conduct with respect to the disclosure of confidential PII/PHI was willful and knowing because PMI designed and implemented the computer network and security practices that gave rise to the unlawful disclosure.

89. In violation of Civil Code § 56.101(a), PMI created, maintained, preserved, stored, abandoned, destroyed, or disposed of Plaintiff's and class members' medical information in a manner that failed to preserve and breached the confidentiality of the information contained therein. Plaintiff's and class members' medical information was viewed by unauthorized individuals as a direct and proximate result of PMI's violation of Civil Code § 56.101(a). 380. In violation of Civil Code § 56.101(a), PMI negligently created, maintained, preserved, stored, abandoned, destroyed, or disposed of Plaintiff's and class members' medical information. Plaintiff's and class members' medical information was viewed by unauthorized individuals as a direct and proximate result of PMI's violation of Civil Code § 56.101(a).

90. Plaintiff's and class members' medical information that was the subject of the unauthorized disclosure included "electronic medical records" or "electronic health records" as referenced by Civil Code § 56.101(c) and defined by 42 U.S.C. § 17921(5).

91. In violation of Civil Code § 56.101(b)(1)(A), PMI's electronic health record system or electronic medical record system failed to protect and preserve the integrity of

electronic medical information. Plaintiff's and class members' medical information was viewed by unauthorized individuals as a direct and proximate result of PMI's violation of Civil Code § 56.101(b)(1)(A).

92.   PMI violated Civil Code § 56.36 of the CMIA through its failure to maintain and preserve the confidentiality of the medical information of Plaintiff and the class members.

93.   As a result of PMI's above-described conduct, Plaintiff and class members have suffered damages from the unauthorized disclosure and release of their individual identifiable "medical information" made unlawful by Civil Code §§ 56.10, 56.101, 56.36. 385. As a direct and proximate result of PMI's above-described wrongful actions, inaction, omissions, and want of ordinary care that directly and proximately caused the unauthorized disclosure, and violation of the CMIA, Plaintiff and class members have suffered (and will continue to suffer) economic damages and other injury and actual harm in the form of, inter alia, (i) an imminent, immediate and the continuing increased risk of identity theft, identity fraud and medical fraud-risks justifying expenditures for protective and remedial services for which they are entitled to compensation, (ii) invasion of privacy, (iii) breach of the confidentiality of their PII/PHI, (iv) statutory damages under the California CMIA, (v) deprivation of the value of their PII/PHI, for which there is a well-established national and international market, and/or (vi) the financial and temporal cost of monitoring their credit, monitoring their financial accounts, and mitigating their damages.

94.   Plaintiff, individually and for each member of the class, seeks nominal damages of one thousand dollars ($1,000) for each violation under Civil Code § 56.36(b)(1), and actual damages suffered, if any, pursuant to Civil Code § 56.36(b)(2), injunctive relief, as well as punitive damages of up to $3,000 per Plaintiff and each class member, and attorneys' fees, litigation expenses and court costs, pursuant to Civil Code § 56.35.

**FIFTH CAUSE OF ACTION**
**(Violation of the California Customer Records Act, Cal. Civ. Code §§ 1798.80 *et seq.*,**
**By Plaintiff and the California Subclass Against PMI)**

95.   Plaintiff realleges and incorporates by reference the preceding paragraphs as

though fully set forth herein.

96.     Cal. Civ. Code § 1798.81.5 provides that "[i]t is the intent of the Legislature to ensure that personal information about California residents is protected.  To that end, the purpose of this section is to encourage businesses that own, license, or maintain personal information about Californians to provide reasonable security for that information."

97.     Section 1798.81.5(b) further states that: "[a] business that owns, licenses, or maintains personal information about a California resident shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

98.     Cal. Civ. Code § 1798.84(b) provides that [a]ny customer injured by a violation of this title may institute a civil action to recover damages."  Section 1798.84(e) further provides that "[a]ny business that violates, proposes to violate, or has violated this title may be enjoined."

99.     Plaintiff and members of the California subclass are "customers" within the meaning of Civ. Code § 1798.80(c) and 1798.84(b) because they are individuals who provided personal information to PMI, directly and/or indirectly, for the purpose of obtaining a service from PMI.

100.     The personal information of Plaintiff and the California subclass at issue in this lawsuit constitutes "personal information" under § 1798.81.5(d)(1) in that the personal information PMI collects and which was impacted by the cybersecurity attack includes an individual's first name or first initial and the individual's last name in combination with one or more of the following data elements, with either the name or the data elements not encrypted or redacted: (i) Social security number; (ii) Driver's license number, California identification card number, tax identification number, passport number, military identification number, or other unique identification number issued on a government document commonly used to verify the identity of a specific individual; (iii) account number or credit or debit card number, in combination with any required security code, access code, or password that would permit access to an individual's financial account; (iv) medical information; (v) health insurance information;

- 26 -

(vi) unique biometric data generated from measurements or technical analysis of human body characteristics, such as a fingerprint, retina, or iris image, used to authenticate a specific individual.

101.    PMI knew or should have known that its computer systems and data security practices were inadequate to safeguard the California subclass's personal information and that the risk of a data breach or theft was highly likely.  PMI failed to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information of Plaintiff and the California subclass.   Specifically, PMI failed to implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information of Plaintiff and the California subclass from unauthorized access, destruction, use, modification, or disclosure.   PMI further subjected Plaintiff's and the California subclass's nonencrypted and nonredacted personal information to an unauthorized access and exfiltration, theft, or disclosure as a result of the PMI's violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information, as described herein.

102.    As a direct and proximate result of PMI's violation of its duty, the unauthorized access, destruction, use, modification, or disclosure of the personal information of Plaintiff and the California subclass included hackers' access to, removal, deletion, destruction, use, modification, disabling, disclosure and/or conversion of the personal information of Plaintiff and the California subclass by the ransomware attackers and/or additional unauthorized third parties to whom those cybercriminals sold and/or otherwise transmitted the information.

103.    As a direct and proximate result of PMI's acts or omissions, Plaintiff and the California subclass were injured and lost money or property including, but not limited to, the loss of Plaintiff's and the subclass's legally protected interest in the confidentiality and privacy of their personal information, nominal damages, and additional losses described above.   Plaintiff seeks compensatory damages as well as injunctive relief pursuant to Cal. Civ. Code § 1798.84(b).

104.    Moreover, the California Customer Records Act further provides: "A person or business that maintains computerized data that includes personal information that the person or

- 27 -

1    business does not own shall notify the owner or licensee of the information of the breach of the

2    security of the data immediately following discovery, if the personal information was, or is

3    reasonably believed to have been, acquired by an unauthorized person."   Cal. Civ. Code §

4    1798.82.

5         105.    Any person or business that is required to issue a security breach notification under

6    the CRA must meet the following requirements under §1798.82(d):

7         a.   The name and contact information of the reporting person or business subject to

8              this section;

9         b.   A list of the types of personal information that were or are reasonably believed to

10             have been the subject of a breach;

11        c.   If the information is possible to determine at the time the notice is provided, then

12             any of the following:

13                  i.  the date of the breach,

14                  ii.  the estimated date of the breach, or

15                  iii.  the date range within which the breach occurred. The notification shall also

16                       include the date of the notice;

17        d.   Whether notification was delayed as a result of a law enforcement investigation, if

18             that information is possible to determine at the time the notice is provided;

19        e.   A general description of the breach incident, if that information is possible to

20             determine at the time the notice is provided;

21        f.   The toll-free telephone numbers and addresses of the major credit reporting

22             agencies if the breach exposed a social security number or a driver's license or

23             California identification card number;

24        g.   If the person or business providing the notification was the source of the breach, an

25             offer to provide appropriate identity theft prevention and mitigation services, if

26             any, shall be provided at no cost to the affected person for not less than 12 months

27             along with all information necessary to take advantage of the offer to any person

28             whose information was or may have been breached if the breach exposed or may

- 28 -

have exposed personal information.

106.   PMI failed to provide the legally compliant notice under § 1798.82(d) to Plaintiff and members of the California subclass.  On information and belief, to date, PMI has not sent written notice of the data breach to all impacted individuals.  As a result, PMI has violated § 1798.82 by not providing legally compliant and timely notice to all class members.  Because not all members of the class have been notified of the breach, members could have taken action to protect their personal information, but were unable to do so because they were not timely notified of the breach.

107.   On information and belief, many class members affected by the breach, have not received any notice at all from PMI in violation of Section 1798.82(d).

108.   As a result of the violations of Cal. Civ. Code § 1798.82, Plaintiff and class members suffered incrementally increased damages separate and distinct from those simply caused by the breaches themselves.

109.   As a direct consequence of the actions as identified above, Plaintiff and class members incurred additional losses and suffered further harm to their privacy, including but not limited to economic loss, the loss of control over the use of their identity, increased stress, fear, and anxiety, harm to their constitutional right to privacy, lost time dedicated to the investigation of the breach and effort to cure any resulting harm, the need for future expenses and time dedicated to the recovery and protection of further loss, and privacy injuries associated with having their sensitive personal, financial, and payroll information disclosed, that they would not have otherwise incurred, and are entitled to recover compensatory damages according to proof pursuant to § 1798.84(b).

### SIXTH CAUSE OF ACTION
**(Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.*
By Plaintiff and the California Subclass Against PMI)**

110.   Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

111.   PMI is a "person" defined by Cal. Bus. & Prof. Code § 17201.

112.   PMI violated Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL") by engaging in unlawful, unfair, and deceptive business acts and practices.

113.   PMI' "unfair" acts and practices include:

    a.   PMI failed to implement and maintain reasonable security measures to protect Plaintiff's and California subclass members' personal information from unauthorized disclosure, release, data breaches, and theft, which was a direct and proximate cause of the PMI data breach.  PMI failed to identify foreseeable security risks, remediate identified security risks, and adequately improve security following previous cybersecurity incidents and known coding vulnerabilities in the industry;

    b.   PMI's failure to implement and maintain reasonable security measures also was contrary to legislatively-declared public policy that seeks to protect consumers' data and ensure that entities that are trusted with it use appropriate security measures. These policies are reflected in laws, including the FTC Act (15 U.S.C. § 45), California's Customer Records Act (Cal. Civ. Code § 1798.80 *et seq.*), and California's Confidentiality of Medical Information Act (Cal. Civ. Code § 56);

    c.   PMI's failure to implement and maintain reasonable security measures also led to substantial consumer injuries, as described above, that are not outweighed by any countervailing benefits to consumers or competition. Moreover, because consumers could not know of PMI's inadequate security, consumers could not have reasonably avoided the harms that PMI caused; and

    d.   Engaging in unlawful business practices by violating Cal. Civ. Code § 1798.82.

114.   PMI has engaged in "unlawful" business practices by violating multiple laws, including California's Consumer Records Act, Cal. Civ. Code §§ 1798.81.5 (requiring reasonable data security measures) and 1798.82 (requiring timely breach notification), California's Confidentiality of Medical Information Act (Cal. Civ. Code § 56), California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1780, *et seq.*, the FTC Act, 15 U.S.C. § 45, and California common law.

115.    PMI's unlawful, unfair, and deceptive acts and practices include:

a.   Failing to implement and maintain reasonable security and privacy measures to protect Plaintiff's and California subclass members' personal information, which was a direct and proximate cause of the PMI data breach;

b.   Failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks, and adequately improve security and privacy measures following previous cybersecurity incidents, which was a direct and proximate cause of the PMI data breach;

c.   Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and California subclass members' personal information, including duties imposed by the FTC Act, 15 U.S.C. § 45, California's Customer Records Act, Cal. Civ. Code §§ 1798.80 *et seq.*, and California's Confidentiality of Medical Information Act (Cal. Civ. Code § 56), which was a direct and proximate cause of the PMI data breach;

d.   Misrepresenting that it would protect the privacy and confidentiality of Plaintiff's and California subclass members' personal information, including by implementing and maintaining reasonable security measures;

e.   Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and California subclass members' personal information, including duties imposed by the FTC Act, 15 U.S.C. § 45, California's Customer Records Act, Cal. Civ. Code §§ 1798.80, *et seq.*, and California's Confidentiality of Medical Information Act (Cal. Civ. Code § 56);

f.   Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiff's and California subclass members' personal information; and

g.   Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of

1    Plaintiff's and California subclass members' personal information, including

2    duties imposed by the FTC Act, 15 U.S.C. § 45, California's Customer Records

3    Act, Cal. Civ. Code §§ 1798.80, *et seq.*, and California's Confidentiality of

4    Medical Information Act (Cal. Civ. Code § 56).

5    116.   PMI's representations and omissions were material because they were likely to

6 deceive reasonable consumers about the adequacy of PMI's data security and ability to protect the

7 confidentiality of consumers' personal information.

8    117.   As a direct and proximate result of PMI's unfair, unlawful, and fraudulent acts and

9 practices, Plaintiff and California subclass members were injured and lost money or property,

10 which would not have occurred but for the unfair and deceptive acts, practices, and omissions

11 alleged herein, monetary damages from fraud and identity theft, time and expenses related to

12 monitoring their financial accounts for fraudulent activity, an increased, imminent risk of fraud

13 and identity theft, and loss of value of their personal information.

14    118.   PMI's violations were, and are, willful, deceptive, unfair, and unconscionable.

15    119.   Plaintiff and class members have lost money and property as a result of PMI's

16 conduct in violation of the UCL, as stated herein and above.

17    120.   By deceptively storing, collecting, and disclosing their personal information, PMI

18 has taken money or property form Plaintiff and class members.

19    121.   PMI acted intentionally, knowingly, and maliciously to violate California's Unfair

20 Competition Law, and recklessly disregarded Plaintiff's and California subclass members' rights.

21 Past data breaches put it on notice that its security and privacy protections were inadequate.

22    122.   Plaintiff and California subclass members seek all monetary and nonmonetary

23 relief allowed by law, including restitution of all profits stemming from PMI's unfair, unlawful,

24 and fraudulent business practices or use of their personal information; declaratory relief;

25 reasonable attorneys' fees and costs under California Code of Civil Procedure § 1021.5;

26 injunctive relief; and other appropriate equitable relief, including public injunctive relief.

27

28

CLASS ACTION COMPLAINT

### SEVENTH CAUSE OF ACTION
#### (Invasion of Privacy)

#### (Count 1 – Common Law Invasion of Privacy – Intrusion Upon Seclusion By Plaintiff and the Nationwide Class Against PMI)

123.   Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

124.   To assert claims for intrusion upon seclusion, one must plead (1) that the defendant intentionally intruded into a matter as to which plaintiff had a reasonable expectation of privacy; and (2) that the intrusion was highly offensive to a reasonable person.

125.   PMI intentionally intruded upon the solitude, seclusion and private affairs of Plaintiff and class members by intentionally configuring their systems in such a way that left them vulnerable to malware/ransomware attack, thus permitting unauthorized access to their systems, which compromised Plaintiff's and class members' personal information. Only PMI had control over its systems.

126.   PMI's conduct is especially egregious and offensive as they failed to have adequate security measures in place to prevent, track, or detect in a timely fashion unauthorized access to Plaintiff's and class members' personal information.

127.   At all times, PMI was aware that Plaintiff's and class members' personal information in their possession contained highly sensitive and confidential personal information.

128.   Plaintiff and class members have a reasonable expectation of privacy in their personal information, which also contains highly sensitive medical information.

129.   PMI intentionally configured their systems in such a way that stored Plaintiff's and class members' personal information to be left vulnerable to malware/ransomware attack without regard for Plaintiff's and class members' privacy interests.

130.   The disclosure of the sensitive and confidential personal information of thousands of consumers, was highly offensive to Plaintiff and class members because it violated expectations of privacy that have been established by general social norms, including by granting access to information and data that is private and would not otherwise be disclosed.

131.    PMI's conduct would be highly offensive to a reasonable person in that it violated statutory and regulatory protections designed to protect highly sensitive information, in addition to social norms. PMI's conduct would be especially egregious to a reasonable person as PMI publicly disclosed Plaintiff's and class members' sensitive and confidential personal information without their consent, to an "unauthorized person," i.e., hackers.

132.    As a result of PMI's actions, Plaintiff and class members have suffered harm and injury, including but not limited to an invasion of their privacy rights.

133.    Plaintiff and class members have been damaged as a direct and proximate result of PMI's intrusion upon seclusion and are entitled to just compensation.

134.    Plaintiff and class members are entitled to appropriate relief, including compensatory damages for the harm to their privacy, loss of valuable rights and protections, and heightened stress, fear, anxiety and risk of future invasions of privacy.

**(Count 2 –Invasion of Privacy – Cal. Const. Art. 1, § 1**
**By Plaintiff and the California Subclass Against PMI)**

135.    Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

136.    Art. I, § 1 of the California Constitution provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." Art. I, § 1, Cal. Const.

137.    The right to privacy in California's constitution creates a private right of action against private and government entities.

138.    To state a claim for invasion of privacy under the California Constitution, a plaintiff must establish: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy; and (3) an intrusion so serious in nature, scope, and actual or potential impact as to constitute an egregious breach of the social norms.

139.    PMI violated Plaintiff's and class members' constitutional right to privacy by collecting, storing, and disclosing their personal information in which they had a legally protected

privacy interest, and in which they had a reasonable expectation of privacy in, in a manner that was highly offensive to Plaintiff and class members, would be highly offensive to a reasonable person, and was an egregious violation of social norms.

140.    PMI has intruded upon Plaintiff's and class members' legally protected privacy interests, including interests in precluding the dissemination or misuse of their confidential personal information.

141.    PMI's actions constituted a serious invasion of privacy that would be highly offensive to a reasonable person in that: (i) the invasion occurred within a zone of privacy protected by the California Constitution, namely the misuse of information gathered for an improper purpose; and (ii) the invasion deprived Plaintiff and class members of the ability to control the circulation of their personal information, which is considered fundamental to the right to privacy.

142.    Plaintiff and class members had a reasonable expectation of privacy in that: (i) PMI's invasion of privacy occurred as a result of PMI's security practices including the collecting, storage, and unauthorized disclosure of consumers' personal information; (ii) Plaintiff and class members did not consent or otherwise authorize PMI to disclosure their personal information; and (iii) Plaintiff and class members could not reasonably expect PMI would commit acts in violation of laws protecting privacy.

143.    As a result of PMI's actions, Plaintiff and class members have been damaged as a direct and proximate result of PMI's invasion of their privacy and are entitled to just compensation.

144.    Plaintiff and class members suffered actual and concrete injury as a result of PMI's violations of their privacy interests. Plaintiff and class members are entitled to appropriate relief, including damages to compensate them for the harm to their privacy interests, loss of valuable rights and protections, heightened stress, fear, anxiety, and risk of future invasions of privacy, and the mental and emotional distress and harm to human dignity interests caused by Defendant's invasions.

145.    Plaintiff and class members seek appropriate relief for that injury, including but

not limited to damages that will reasonably compensate Plaintiff and class members for the harm to their privacy interests as well as disgorgement of profits made by PMI as a result of its intrusions upon Plaintiff's and class members' privacy.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, the nationwide class, and the California subclass, prays for the following relief:

1. An order certifying the nationwide class and California subclass as defined above pursuant to Fed. R. Civ. P. 23 and declaring that Plaintiff is proper class representative and appointing Plaintiff's counsel as class counsel;

2. Permanent injunctive relief to prohibit PMI from continuing to engage in the unlawful acts, omissions, and practices described herein;

3. Compensatory, consequential, general, and nominal damages in an amount to be proven at trial, in excess of $5,000,000;

4. Disgorgement and restitution of all earnings, profits, compensation, and benefits received as a result of the unlawful acts, omissions, and practices described herein;

5. Punitive, exemplary, and/or trebled damages to the extent permitted by law;

6. Statutory damages pursuant to Cal. Civ. Code § 56.36(b);

7. A declaration of right and liabilities of the parties;

8. Costs of suit;

9. Reasonable attorneys' fees, including pursuant to Cal. Civ. Pro. Code § 1021.5;

10. Pre- and post-judgment interest at the maximum legal rate;

11. Distribution of any monies recovered on behalf of members of the class or the general public via fluid recovery or *cy pres* recovery where necessary and as applicable to prevent Defendant from retaining the benefits of their wrongful conduct; and

12. Such other relief as the Court deems just and proper.

CLASS ACTION COMPLAINT

Dated: November 7, 2023                    WUCETICH & KOROVILAS LLP

                                           By:        /s/ Jason M. Wucetich
                                           JASON M. WUCETICH
                                           Attorneys for Plaintiff
                                           FRANKIE GARCIA,
                                           individually and on behalf of
                                           all others similarly situated

CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2        Plaintiff, on behalf of himself and the putative class and subclass, hereby demands a trial

3  by jury on all issues of fact or law so triable.

4

5  Dated: November 7, 2023           WUCETICH & KOROVILAS LLP

6                                   By:       /s/ Jason M. Wucetich

7                                      JASON M. WUCETICH
                                      Attorneys for Plaintiff

8                                      FRANKIE GARCIA,
                                      individually and on behalf of

9                                      all others similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 38 -

## CLASS ACTION COMPLAINT